State Of West Virginia

*v.*

ROBERT LLOYD STALNAKER

(No. 14384)

Decided June 23, 1981.

*Paul H. Woodford II* for plaintiff.

*Chauncey H. Browning,* Attorney General, *S. Clark Woodroe,* Assistant Attorney General, for defendant.

NEELY, JUSTICE:

This is an appeal from a first-degree murder conviction in the Circuit Court of Gilmer County. The defendant and the victim had known each other for forty years before the fatal shooting, during which period they had done a lot of drinking and socializing together. At the time of the shooting, both the defendant and the victim lived at the Conrad Hotel, and on the day of the shooting both the defendant and the victim had been drinking heavily. At approximately 6:45 p.m. on 17 August 1977 the defendant, at the victim's request, went to the victim's room with a loaded weapon. According to the defendant's testimony the

defendant and the victim were engaged in an ongoing quarrel about a business transaction and because of the victim's appearance and demeanor, which the defendant described as "perfectly wild," the defendant testified that he had apprehensions about the victim's intentions and for that reason armed himself.

The victim, Thurl Nicholas, had a reputation for being violent and dangerous, and ten years before the victim's own death the victim had actually shot at the defendant, putting a hole in the defendant's T-shirt. The defendant's theory of the case was that the victim made threatening gestures and put him in reasonable fear of his own safety, or alternatively that the victim was so provocative that the defendant was guilty at the most of voluntary manslaughter.

There are two primary errors which require reversal of this case. While other errors have been assigned,[1] since

---

[1] *W. Va. Code*, 62-3-1, provides, in part, as follows:

When an indictment is found in any county, against a person for a felony or misdemeanor, the accused, if in custody, or if he appear in discharge of his recognizance, or voluntarily, shall, unless good cause be shown for a continuance, be tried at the same term. *W. Va. Code*, 62-3-21, provides as follows:

Every peron charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict; and every person charged with a misdemeanor before a justice of the peace, city police judge, or any other inferior tribunal, and who has therein been found guilty and has appealed his conviction of guilt and sentence to a court of record, shall be forever discharged from further prosecution for the offense set forth in the warrant against him, if after his having appealed such conviction and sentence, there be three regular terms of such court without a trial, unless the failure to try him was for one of the causes hereinabove set forth relating to proceedings on indictment.

they are not dispositive we see no need to address them. The primary error is that the court failed to give an instruction permitting the jury to find the defendant guilty of voluntary manslaughter. This Court recently addressed this very issue in *State v. Cobb*, ___ W.Va. ___, 272 S.E.2d 467 (1980), when we ruled that a trial court must give an instruction for a lesser included offense when evidence has been produced to support such a verdict. In *Cobb*, the court refused to instruct the jury as to involuntary manslaughter even though evidence at trial supported a verdict on the lesser charge. Therefore, we overturned the conviction of voluntary manslaughter. In the present case the defendant introduced evidence of provocation and heat of passion consistent with the lesser offense of voluntary manslaughter. Hence, he was entitled to a voluntary manslaughter instruction. This is so even though the only evidence on the issue was his own testimony.

The second error was that the court instructed the jury that the defendant had to prove the affirmative defense of self-defense by a preponderance of the evidence. While we recognize that this was a correct statement of the law before our case of *State v. Kirtley*, 162 W.Va. 249, 252 S.E.2d 374 (1978) and that the *Kirtley* case was not made retroactive, nonetheless, we conclude that *Kirtley* applies to the case before us since the case before us was in the appellate stage at the time *Kirtley* was decided. As we said in syl. pt. 4 of *Kirtley, supra,*:

> Once there is sufficient evidence to create reasonable doubt that the killing resulted from the defendant acting in self-defense, the prosecution must prove beyond a reasonable doubt that the defendant did not act in self-defense.

Accordingly, for the foregoing reasons the judgment of the Circuit Court of Gilmer County is reversed and the case is remanded for a new trial.

*Reversed and remanded.*