337 S.E.2d 321

**STATE of West Virginia**

v.

**William Richard WALLACE.**

**No. 16475.**

Supreme Court of Appeals of West Virginia.

Nov. 21, 1985.

Gregory J. Campbell, Charleston, for appellant.

Catherine A. McMullen, Asst. Atty. Gen., Charleston, for appellee.

MILLER, Chief Justice:

This case presents the question of whether the State is entitled to an instruction on lesser included offenses over a defendant's objection. William Wallace, the defendant in this case, sought to force the State to proceed to the jury only on the greater offense contained in the indictment by objecting to the State's lesser included offense instruction. As the defendant candidly admits, he wanted the jury to choose between either a conviction on first degree sexual assault or an acquittal. As a result of the State's lesser included offense instruction, he was found guilty by a jury in the Circuit Court of Kanawha County of two counts of sexual misconduct—a misdemeanor. A second issue is whether the evidence warranted an instruction on the lesser included offense and we address this first.

The defendant was charged in a two-count indictment with committing two acts of first degree sexual assault, W.Va.Code, 61–8B–3 (1976), in December, 1981. The victim, who was the defendant's seventeen-year-old babysitter, claimed that she was compelled by the defendant to have both vaginal and oral intercourse with him by forcible compulsion and that she was not the defendant's voluntary social companion.

The defendant testified that he had participated in only one act of consensual vaginal intercourse with the victim. The medical evidence indicated that there were no marks or bruises or any evidence of trauma in and around the vaginal area or on other areas of the victim's body.

The defendant argues that sexual misconduct is not a lesser included offense of first degree sexual assault. Under W.Va. Code, 61–8B–9 (1976), sexual misconduct, as relevant to this case, is committed "when [a person] engages in sexual intercourse with another person without the latter's consent...." [1] In *State v. Reed*, 166 W.Va. 558, 561, 276 S.E.2d 313, 317 (1981), where a defendant indicted for second degree sexual assault was convicted of sexual misconduct, we observed: "[S]exual misconduct can be a lesser included offense of sexual assault in the second degree. Sexual misconduct excludes the possibility of forcible compulsion, but it does require a lack of consent."

In *State v. Wyer*, 173 W.Va. 720, 320 S.E.2d 92 (1984), we examined the relationship between first and second degree sexual assault and found that both require proof of sexual intercourse by forcible compulsion.[2] A victim's lack of consent to

---

**1.** The full text of W.Va.Code, 61–8B–9 (1976), provides:

"(a) A person is guilty of sexual misconduct when he engages in sexual intercourse with another person without the latter's consent or engages in sexual intercourse with another person knowing that such other person mistakenly supposes that he is a third person.

"(b) Any person who violates the provisions of this section shall be guilty of a misdemeanor, and, upon conviction thereof, shall be confined in the county jail not more than twelve months, or fined not more than five hundred

dollars and confined in the county jail not more than twelve months."

In the 1984 revisions of our sexual offense statutes, the offense of sexual misconduct was deleted.

**2.** The material portion of our first degree sexual assault statute, W.Va.Code, 61–8B–3 (1976), provided:

"(a) A person is guilty of sexual assault in the first degree when:

"(1) He engages in sexual intercourse with another person by forcible compulsion; and

sexual intercourse, which is essential in proving sexual misconduct, is also an element of first degree sexual assault by virtue of W.Va.Code, 61–8B–2(a) and (b), which provide:

"(a) Whether or not specifically stated, it is an element of every offense defined in this article that the sexual act was committed without consent of the victim.

"(b) Lack of consent results from:

"(1) Forcible compulsion. . . ."

From this brief analysis of the two statutes, it is clear that the elements which make up the crime of sexual misconduct are included as elements of first degree sexual assault. To establish first degree sexual assault under W.Va.Code, 61–8B–3 (1976), the State must prove that the defendant engaged in sexual intercourse with the victim by forcible compulsion. As we have previously indicated, the term "forcible compulsion" is statutorily defined as indicating a victim's lack of consent. W.Va.Code, 61–8B–2(b). The term "forcible compulsion" also relates to the amount of force used as set out in W.Va.Code, 61–8B–1(1),[3] but this aspect of the term is not essential to the sexual misconduct offense because its only elements are sexual intercourse without consent, which is a component of first degree sexual assault.

"(i) He inflicts serious bodily injury upon anyone; or
"(ii) He employed a deadly weapon in commission of the crime; or
"(iii) The victim was not a voluntary social companion of the actor on the occasion of the crime."
In the 1984 revision of W.Va.Code, 61–8B–3, the term voluntary social companion was dropped.

**3.** W.Va.Code, 61–8B–1(1), provides:
" 'Forcible compulsion' means:
"(a) Physical force that overcomes such earnest resistance as might reasonably be expected under the circumstances; or
"(b) Threat or intimidation, expressed or implied, placing a person in fear of immediate death or bodily injury to himself or another person or in fear that he or another person will be kidnapped.
"For the purposes of this definition 'resistance' includes physical resistance or any clear communication of the victim's lack of consent."

The enhanced degree of force is not the only additional element of first degree sexual assault. The State must also prove either that the victim was not the defendant's voluntary social companion, or, where the victim was the defendant's voluntary social companion, the State must prove one of the following additional elements: (1) infliction of serious bodily injury upon anyone, or (2) use of a deadly weapon. W.Va.Code, 61–8B–3 (1976).[4]

■ Our general legal test for analyzing whether an offense is a lesser included offense is stated in Syllabus Point 1 of *State v. Louk*, 169 W.Va. 24, 285 S.E.2d 432 (1981):

"The test of determining whether a particular offense is a lesser included offense is that the lesser offense must be such that it is impossible to commit the greater offense without first having committed the lesser offense. An offense is not a lesser included offense if it requires the inclusion of an element not required in the greater offense."

The elements of lack of consent and sexual intercourse, which compose the crime of sexual misconduct, are necessarily proven in a first degree sexual assault case. The sexual misconduct committed in this case

**4.** In Syllabus Point 2 of *Wyer*, we made the following summary of first and second degree sexual assault:
"The legislature, by enactment of W.Va. Code, 61–8B–3(a)(1) (1976), relating to sexual assault in the first degree, created a distinction between a voluntary and a nonvoluntary social companion with regard to the elements of the crime of sexual assault in the first degree. Where the victim is a nonvoluntary social companion, the State need prove only that fact and that she was subjected to sexual intercourse by forcible compulsion. Where a voluntary social companion is involved, the State must in addition show either (1) the infliction of serious bodily injury on anyone or (2) the employment of a deadly weapon in the commission of the crime. Finally, where a voluntary social companion is involved and there is sexual intercourse by forcible compulsion but without either of the foregoing aggravating circumstances, the crime is then sexual assault in the second degree under W.Va. Code, 61–8B–4 (1976)."

does not require proof of an element not included in first degree sexual assault.[5]

■ Therefore, we conclude that sexual misconduct under W.Va.Code, 61–8B–9 (1976), is a lesser included offense of first degree sexual assault as set out in W.Va. Code, 61–8B–3 (1976).

■ We stated in *State v. Neider*, 170 W.Va. 662, 295 S.E.2d 902 (1982), that after analyzing the legal relationship between the greater and lesser offense under *Louk*, then a factual inquiry has to be made. The purpose of this analysis is to determine if there was conflicting evidence as to those elements of the greater offense that differ from the elements of the lesser offense. Where such a conflict existed, a lesser included offense instruction was warranted, and where there was no conflict, we held in Syllabus Point 2 of *Neider*:

> "Where there is no evidentiary dispute or insufficiency on the elements of the greater offense which are different from the elements of the lesser included offense, then the defendant is not entitled to a lesser included offense instruction."

■ In the present case, there was a substantial conflict in the evidence on the forcible compulsion issue, which is the main element of the greater offense of first degree sexual assault that differs from the lesser offense of sexual misconduct. The victim testified that there was forcible compulsion while the defendant claimed that there was no force involved because the sexual intercourse was consensual. Clear-ly under *Neider* a lesser included offense instruction was warranted because of the conflict in this evidence.

The more novel question is the defendant's claim that he has a right to foreclose the State from requesting a lesser included offense charge. Essentially, the defendant's argument is that the State by choosing to indict the defendant for the greater offense is foreclosed from seeking a lesser verdict from the jury.

This argument ignores the generally recognized origin of the concept of lesser included offenses which is that it was originally developed to aid the prosecution as summarized in *Beck v. Alabama*, 447 U.S. 625, 633, 100 S.Ct. 2382, 2387–88, 65 L.Ed.2d 392, 400 (1980):

> "At common law the jury was permitted to find the defendant guilty of any lesser offense necessarily included in the offense charged. This rule originally developed as an aid to the prosecution in cases in which the proof failed to establish some element of the crime charged. See 2 C. Wright, Federal Practice and Procedure § 515, n. 54 (1969)." (Footnote omitted).

*See also Neider*, 170 W.Va. at 665–666 n. 3, 295 S.E.2d at 905–06 n. 3.

■ Furthermore, as recognized in *Beck, Neider, Louk*, and *State v. Allen*, 131 W.Va. 667, 49 S.E.2d 847 (1948), the defendant also has the right to offer lesser included offense instructions where appropriate in order to permit the jury to return a less severe verdict.[6] Although our cases

---

5. Although not pertinent to the facts of this case, the other statutory definition of sexual misconduct is that a person "engages in sexual intercourse with another person knowing that such other person mistakenly supposes that he is a third person." W.Va.Code, 61–8B–9(a) (1976). For the full text of this statute, see note 1, *supra*. Because this element of mistaken belief is not an element of first degree sexual assault, this type of sexual misconduct would not be a lesser included offense of first degree sexual assault.

6. *Beck's* statement as to the defendant's right is: "But it has long been recognized that it can also be beneficial to the defendant because it affords the jury a less drastic alternative than the choice between conviction of the offense charged and acquittal." 447 U.S. at 633, 100 S.Ct. at 2388, 65

L.Ed.2d at 400. In discussing the benefits to the defendant of offering a lesser included offense instruction when it is warranted, the United States Supreme Court quoted from *Keeble v. United States*, 412 U.S. 205, 212–13, 93 S.Ct. 1993, 1997–98, 36 L.Ed.2d 844, 850 (1973):

> "Moreover, it is no answer to petitioner's demand for a jury instruction on a lesser offense to argue that a defendant may be better off without such an instruction. True, if the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction—in this context or any other—precisely because he should not be exposed to the

have not discussed in any great detail the foregoing policy behind permitting the defendant to have the benefit of a lesser included offense instruction, it is clear that we have held it is reversible error to refuse such an instruction when it is warranted by the evidence. *See, e.g., State v. Stalnaker,* 167 W.Va. 225, 279 S.E.2d 416 (1981); *State v. Wayne,* 162 W.Va. 41, 245 S.E.2d 838 (1978); *State v. Allen, supra; State v. Hackle,* 110 W.Va. 485, 158 S.E. 708 (1931).

The right of the State to offer a lesser included offense instruction has received very little attention in our cases. In *Allen,* lesser included offense instructions were offered by the State and the defendant. The instruction offered by the State was granted by the trial court, but was modified so that it no longer gave the jury the option of returning a verdict for voluntary or involuntary manslaughter. In the Syllabus of the case, we held that where there is evidence in a homicide case that tends to show the commission of other offenses embraced in the indictment, "it is error not to instruct the jury on the nature, elements and punishment for the offense to which such evidence relates, *when request therefor is made either by the State or the defendant.*" (Emphasis added).

The decisions from other jurisdictions we have found addressing this issue have held that the State has the right to offer a lesser included offense instruction where the evidence in the case justifies such an instruction. *See, e.g., United States v. Whitaker,* 447 F.2d 314 (D.C.Cir.1971); *People v. Dace,* 114 Ill.App.3d 908, 70 Ill. Dec. 684, 449 N.E.2d 1031 (1983), *affirmed,* 104 Ill.2d 96, 83 Ill.Dec. 573, 470 N.E.2d 993 (1984); *People v. Stephens,* 416 Mich. 252, 330 N.W.2d 675 (1983); *State v. Sheldon,* 301 N.W.2d 604 (N.D.1980), *cert. denied,* 450 U.S. 1002, 101 S.Ct. 1711, 68 L.Ed.2d 204 (1981).[7]

From the foregoing law, we conclude that a defendant does not have the right to preclude the State from seeking a lesser included offense instruction where it is determined that the offense is legally lesser included and that such an instruction is warranted by the evidence.[8]

Finding no error in the issues raised by the defendant, we affirm the judgment of the Circuit Court of Kanawha County.

Affirmed.

---

substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction." (Emphasis in original).

**7.** Rule 31(c) of the West Virginia Rules of Criminal Procedure, which is similar to Rule 31(c) of the Federal Rules of Criminal Procedure, provides a general right for the defendant to be found guilty of lesser offenses: "The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

**8.** The defendant raises for the first time on appeal the issue of whether a defendant has to be given specific notice of the lesser offense in the indictment. We decline to address this point since it was not raised below.