COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Fitzpatrick
Argued at Richmond, Virginia


MICHAEL J. CARTIER

                                    MEMORANDUM OPINION[*] BY
v.  Record No. 1987-95-2      JUDGE JOHANNA L. FITZPATRICK
                                       OCTOBER 15, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ESSEX COUNTY
                 Joseph E. Spruill, Jr., Judge


         Gordon A. Wilkins (Wilkins, Davison & Emery,
         on brief), for appellant.

         John K. Byrum, Jr., Assistant Attorney
         General (James S. Gilmore, III, Attorney
         General, on brief), for appellee.


     Michael J. Cartier was convicted of grand larceny and

burglary on April 18, 1995.  Code §§ 18.2-91 and 18.2-95.

Cartier contends the Commonwealth failed to prove beyond a

reasonable doubt that he committed burglary and larceny.  Finding

the evidence sufficient to support the verdicts, we affirm the

convictions.

     Viewed in the light most favorable to the Commonwealth, the

party prevailing below, Higginbotham v. Commonwealth, 216 Va.

349, 352, 218 S.E.2d 534, 537 (1975), the evidence proved that on

August 13, 1994, at 4:10 a.m., State Trooper Don Llewellyn

spotted a station wagon speeding and weaving on Route 64 in the

City of Chesapeake.  After Llewellyn turned on his lights and

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

siren, the vehicle continued for several miles before it came to a stop. The occupants of the vehicle were identified as Michael Cartier, Kevin McIntyre, and Paul Tracey, the owner of the vehicle. Cartier was driving the vehicle.

Llewellyn noticed that the vehicle contained a large quantity of items, including rifles, bows, arrows, small radios, and cassette players. He also noticed that the wires on some stereo speakers were frayed and looked as if they had been ripped. In the right-front floorboard of the vehicle were a pair of bolt cutters and a screwdriver. Cartier had a pair of binoculars around his neck.

Llewellyn spoke with Cartier and arrested him for driving under the influence. Llewellyn testified that while he tried to question Cartier, Tracey told Cartier to "keep his . . . mouth shut, . . . they couldn't prove anything." Cartier said nothing about the property in the vehicle. Llewellyn then questioned Tracey about the property. Tracey indicated that the items in the vehicle were his and that he had retrieved them from a trailer in Tappahannock where he had lived with his ex-girlfriend.

On August 14, 1994, John Green reported the burglary of his trailer located in Essex County. Green who lived in the City of Richmond stayed in the trailer only on weekends. His daughter lived in the trailer with her current boyfriend. Green testified that Tracey and his daughter had dated about 2-4 years prior to

the incident. Green had no knowledge that Tracey ever lived in the trailer with his daughter. Green had never met Cartier.

Green checked his trailer the week before August 14 and found nothing amiss. When he arrived at the trailer on August 14, he noticed that the door was unlocked. He saw that furniture was overturned, holes had been knocked in the walls, and property was missing. Neither Green's daughter nor her boyfriend were there when Green arrived. At trial, Green identified items found in the vehicle as either his or his daughter's property that was missing from the trailer. Green testified that he had never given anyone permission to take or sell the items.

Appellant claims this evidence did not prove he possessed the property without the owner's consent or that he intended to permanently deprive the owner of the property. We disagree. The evidence proved that a week prior to Cartier's arrest, Green locked his trailer. Green testified that someone had broken into the trailer and stolen numerous items belonging to him and his daughter. Green testified that he never consented to the taking of the property.

Tracey, who was present in the vehicle with Cartier told the trooper:

> [T]he property in the vehicle was his and
> . . . that he had just come from Tappahannock
> where he had retrieved these items from a
> trailer, and . . . that he had lived in this
> trailer with a girl or woman who was
> currently living there.

Based on Green's testimony that the items found in the vehicle driven by Cartier were his, the trial judge obviously chose to disbelieve Tracey's statement and concluded the property was taken without Green's consent.

Upon determining that the vehicle contained recently stolen goods, the trial judge could properly assume that the persons in exclusive possession of the goods were the thieves. Best v. Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981). See Carter v. Commonwealth, 209 Va. 317, 323, 163 S.E.2d 589, 594 (1968), cert. denied, 354 U.S. 991 (1969)(a person can be in exclusive possession of property even though he jointly possesses it with others). Cartier argues that this presumption does not apply to him because the Commonwealth did not prove that he possessed the items found in the vehicle.

The trooper testified that upon pulling over the vehicle driven by Cartier, he observed "a great deal of property in the vehicle. "It stretched from the front seat all the way back-- This is a station wagon--all the way to the rear tailgate." He stated that the binoculars were around Cartier's neck. Where an individual is driving a car filled with recently stolen stereo equipment, rifles and music cassettes and has binoculars around his neck, the evidence is legally sufficient to support the finding that he possesses the property. This case does not involve property hidden under a car seat. See Hancock v. Commonwealth, 21 Va. App. 466, 465 S.E.2d 138 (1995)(appellant

did not constructively possess a gun found underneath the car seat in front of him and no other evidence connected him to the gun). Rather, the vehicle was loaded with property in plain view of any occupant or any person looking into the vehicle. Cartier's knowing possession is further supported by his refusal to stop the vehicle when the trooper activated his lights.

In accepting the presumption that an individual in possession of stolen goods is a thief and rejecting Tracey's statement as incredible, the trial judge correctly found Cartier guilty of larceny. Although Cartier argues that the evidence supports a finding that he received the goods in good faith, Cartier had the burden of proving this claim once the Commonwealth establishes a prima facie case of larceny. Hope v. Commonwealth, 10 Va. App. 381, 385, 392 S.E.2d 830, 833 (1990). He presented no evidence supporting his good faith possession of the property.

Cartier also attacks his conviction for burglary based on the Commonwealth's failure to prove an unlawful entry in the nighttime. The Commonwealth indicted and tried Cartier for "unlawfully and feloniously, enter[ing] in the nighttime the dwelling house of John Otis Green with the intent to commit larceny." Code § 18.2-91. Green testified that he found his trailer ransacked and its door unlocked. This testimony, combined with Tracey's testimony that he had obtained the items from a trailer in Tappahannock, provided sufficient evidence for

the trial judge to find that an unlawful entry occurred.

All of the evidence supports the trial judge's conclusion that the entry occurred in the nighttime. The officer stopped the vehicle at 4:00 a.m., and Tracey stated that "he had just come from Tappahannock where he had retrieved [the property in the car]." The fact finder has the duty to draw inferences from circumstantial evidence and to determine the weight to be ascribed to such evidence. Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 325, 329 (1983). Where the evidence establishes that Cartier committed larceny, and a codefendant admits, at 4:00 a.m., to having just driven from Tappahannock to retrieve property, and the vehicle contains a large amount of property stolen from a trailer, circumstantial evidence is sufficient to prove beyond a reasonable doubt that Cartier entered in the nighttime.

For these reasons, we affirm the convictions.

Affirmed.

Benton, J., dissenting.


The evidence failed to prove beyond a reasonable doubt that Michael J. Cartier stole the property or that he unlawfully entered the trailer in the nighttime.  Thus, I would reverse the convictions.  I dissent.

When Green returned to his trailer in Tappahannock and found it unlocked and ransacked, he did not know who entered it or when it was entered.  He had last visited the trailer and seen the property approximately a week prior to his discovery.  During that week, his daughter and her male friend lived in the trailer.  Green also testified that his daughter had dated Paul Tracey, a codefendant, approximately two to four years prior to the trial.  Neither the daughter nor her male friend, the occupants of the trailer, testified at trial.

At the time of his arrest, Paul Tracey told Officer Llewellyn that the items in the vehicle belonged to him.  He claimed that he had formerly lived with a friend in a trailer in Tappahannock and had retrieved the property from the trailer. Based on these circumstances and the fact that Cartier was driving a vehicle containing Green's property, the trial judge found Cartier guilty of larceny and burglary.

Larceny is the wrongful taking of another's property without his consent and with the intent to permanently deprive him of possession.  Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987).  "To prove common law larceny, the

Commonwealth must show that the accused wrongfully acquired possession of personal goods belonging to another." Payne v. Commonwealth, 222 Va. 485, 488, 281 S.E.2d 873, 874 (1981). This offense also requires proof of a trespassory taking. Tanner v. Commonwealth, 55 Va. 635, 642 (1857).

The evidence in this case did not prove Cartier committed a trespassory taking or that Cartier wrongfully acquired the property. Although Cartier was driving the vehicle, Tracey, the owner of the vehicle, was present. No evidence proved Cartier possessed the property. Even if Tracey did take the property, the evidence does not prove that Cartier assisted in the offense. No evidence proved Cartier knew that Tracey did not own the items in the vehicle.

The Commonwealth argues that the burglary conviction should stand regardless of whether the evidence proved the offense occurred "in the nighttime." I disagree. Even though breaking and entering in the daytime constitutes a statutory offense, once the Commonwealth indicted Cartier for "enter[ing] in the nighttime," it had the obligation to prove the crime charged. "'If the unnecessary word or words inserted in the indictment describe, limit or qualify the words which it was necessary to insert therein, then they are descriptive of the offense charged in the indictment and cannot be rejected as surplusage. The offense as charged must be proved.'" Hairston v. Commonwealth, 2 Va. App. 211, 214-15, 343 S.E.2d 355, 357 (1986)(quoting Mitchell

v. Commonwealth, 141 Va. 541, 560, 127 S.E. 368, 374 (1925)). The phrase "in the nighttime," modifies the entry. It "describe[s], limit[s] [and] qualif[ies]" a necessary part of the indictment, the physical act of entering. Id. Therefore, the indictment required the Commonwealth to prove that the offense occurred at night.

The Commonwealth also contends that the evidence proved the burglary occurred "in the nighttime." I disagree. Every element of an offense must be proved beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364 (1970). The only relevant evidence concerning time was testimony that the trooper stopped the vehicle at 4:00 a.m. and that Tracey stated that he had just come from Tappahannock and had retrieved the items from a trailer. These two facts did not establish beyond a reasonable doubt that the offense occurred at night. Tracey's statement that he had "just come from Tappahannock" does not establish beyond a reasonable doubt that he obtained the property at night. Obviously, he may have loaded the property the previous day and not left the county until that night. A nighttime entry is not proved beyond a reasonable doubt simply by Tracey's statement concerning the origin of his journey.

Without the testimony of the daughter and male friend, the current occupants of the trailer, we can only speculate as to how Tracey may have gained entry to the trailer. Simply because Green found his door unlocked does not mean an unlawful entry

occurred.  His daughter may have left the door unlocked.

To convict Cartier, "'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'"  Moran v. Commonwealth, 4 Va. App. 310, 314, 357 S.E.2d 551, 553 (1987)(citation omitted).  The evidence at trial did not exclude every reasonable hypothesis of innocence, and consequently, the Commonwealth failed to prove larceny and burglary beyond a reasonable doubt.  Therefore, I dissent.