**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0406** (Wetzel County 11-F-21)

**Justin R.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner's appeal, by counsel Richard H. Lorensen, arises from the Circuit Court of Wetzel County, wherein he was sentenced to two consecutive terms of incarceration of two to ten years following his convictions for child abuse resulting in serious bodily injury and malicious assault by order entered on March 27, 2012.[1] The State, by counsel Laura Young, has filed its response, to which petitioner has filed a reply, by counsel Duane C. Rosenlieb Jr.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2011, petitioner was indicted by a Wetzel County Grand Jury on one count of child abuse resulting in serious bodily injury and one count of malicious assault. These charges arose from an incident in February of 2010 during which petitioner's infant child had to be air lifted to Ruby Memorial Hospital in Morgantown, West Virginia, because of a head injury that left the child unable to breath. Prior to trial, venue was changed to Marshall County after the circuit court was unable to seat a jury in Wetzel County, where the child's injuries occurred. Following a jury trial, petitioner was convicted on both counts and sentenced to two terms of incarceration of two to ten years, said sentences to run consecutively.

On appeal, petitioner alleges that the circuit court abused its discretion in failing to instruct the jury on unlawful assault, a lesser included offense of malicious assault. Petitioner argues that he was entitled to the unlawful assault instruction because the two crimes are identical, with the exception of the element of malice and the State failed to prove malice at trial. Further, petitioner argues that the State did not object that his proposed instruction as to unlawful assault was an

---

[1] In keeping with this Court's policy of protecting the identity of minors, the petitioner in this matter will be referred to by his last initial.

incorrect statement of law. Petitioner also argues that, on appeal, the State admits that there was an evidentiary dispute by stating that petitioner denied committing an intentional act which resulted in injury to the child.

In response, the State argues that petitioner was not entitled to a jury instruction on unlawful assault because there was no evidentiary dispute or insufficiency on the elements of malicious assault that were different from unlawful assault. According to the State, the circuit court was correct to deny petitioner's request for an instruction on unlawful assault pursuant to Syllabus Point 2 of *State v. Neider*, 170 W.Va. 662, 295 S.E.2d 902 (1982) because of the lack of an evidentiary dispute or insufficiency on the elements of malicious assault. The State argues that because petitioner denied having intentionally injured the child, he could not have been guilty of unlawful assault.

We have previously held that,

> "[a]s a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion. By contrast, the question of whether a jury was properly instructed is a question of law, and the review is *de novo*." Syl. Pt. 1, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996).

Syl. Pt. 11, *Bailey v. Norfolk and Western Ry. Co.*, 206 W.Va. 654, 527 S.E.2d 516 (1999). Further, we have established that

> "[w]here there is no evidentiary dispute or insufficiency on the elements of the greater offense which are different from the elements of the lesser included offense, then the defendant is not entitled to a lesser included offense instruction." Syllabus Point 2, *State v. Neider*, 170 W.Va. 662, 295 S.E.2d 902 (1982).

Syl. Pt. 3, *State v. Wallace*, 175 W.Va. 663, 337 S.E.2d 321 (1985). Upon our review of the record, the Court finds no error in the circuit court's refusal to include an instruction on the lesser included offense of unlawful assault. According to West Virginia Code § 61-2-9(a), the crime of unlawful assault requires the same element of "intent to maim, disfigure, disable or kill" that is required for conviction of malicious assault. The record shows that petitioner denied intentionally harming the child, and instead gave a statement to the police that indicated he may have accidentally bumped the child's head. As such, there was no evidentiary dispute or insufficiency of the elements of the offense of malicious assault that were different from the elements of unlawful assault because petitioner failed to present evidence that he intentionally harmed the child without malice.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: April 16, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II